900 F.2d 253
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas MacArthur MARTIN, Petitioner-Appellant,
v.
Richard SINGLETON, Warden; Attorney General of the State of
Maryland, Respondents-Appellees.
 No. 89-6042.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 5, 1990.
Decided March 13, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Chief District Judge. (C/A No. 89-3315-H).
 Douglas MacArthur Martin, appellant pro se.
 D.Md.
 AFFIRMED AS MODIFIED.
 Before ERVIN, Chief Judge, and DONALD PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Douglas McArthur Martin seeks to appeal the district court's dismissal of his 28 U.S.C. Sec. 2254 petition without prejudice for failure to exhaust state remedies. Martin contends on appeal that the district court erroneously concluded that he had not appealed the state circuit court's denial of his post-conviction petition to the Maryland Court of Special Appeals. Although Martin stated in his Sec. 2254 petition that he had appealed the state circuit court's denial of relief, he attached only the state circuit court's decision to the petition. The Maryland Court of Special Appeals decision is attached to Martin's notice of appeal from the district court's judgment.
 
 
 2
 Although Martin has established exhaustion of state court remedies, we decline to remand the case to the district court for consideration on the merits because it is apparent from the record that Martin's claims are procedurally barred. Martin first raised the two claims asserted here--that he was excluded from bench conferences and that dismissed counts were referred to the jury--in his fourth state post-conviction petition. The state circuit court dismissed the claims based on Martin's failure to state facts showing that the claims were not waived in prior proceedings. See Md.Rule 4-402(a)(7). The Court of Special Appeals dismissed Martin's application for leave to appeal because it set forth no reasons why the circuit court was wrong. See Md.Rule 8-204(b)(2). These explicit findings of procedural default bar federal review absent a showing of cause and prejudice, or a colorable showing of innocence. See Harris v. Reed, 57 U.S.L.W. 4224 (U.S. Feb. 22, 1989) (No. 87-5677). Martin has made neither a showing of cause and prejudice nor a showing of innocence.
 
 
 3
 Accordingly, we grant a certificate of probable cause and modify the district court's dismissal to reflect dismissal with prejudice on procedural default grounds rather than dismissal for failure to exhaust. We affirm the judgment as modified and dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED